**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

CONCHA MARTHA BEIRO VALDEZ,
Petitioner,
v.
CHRISTOPHER J. LAROSE, *et al.*,
Respondents.

Case No. 26-cv-04902-BAS-AHG

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Concha Martha Beiro Valdez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming she was improperly detained after she was paroled into the United States. (ECF No. 1.) The Government filed a Return stating that it does not oppose a bond hearing (ECF No. 4.) Petitioner filed a Traverse requesting immediate release, return of all confiscated documents, and an order barring re-detention without a pre-deprivation hearing. (ECF No. 5.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as she was previously released.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since she is seeking release from custody, she has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, an Ecuadorian citizen, came to the U.S. border in 2023 seeking asylum. (Pet. ¶ 1, ECF No. 1.) Immigration and Customs Enforcement ("ICE") paroled her into the United States in July 2023 under intensive supervision. (*Id.*) Specifically, for the past several years, ICE has required her to make three check-ins a month: one at ICE offices, one at the office of the Intensive Supervision Appearance Program ("ISAP"), and one at home. (*Id.* ¶ 19.) Petitioner relied on her daughter to drive her to her check-ins at ICE and ISAP offices. (*Id.* ¶ 20.) The home check-in required Petitioner to remain at home from 8:00 a.m. to 5:00 p.m. without notice as to what time an ICE agent would arrive. (*Id.* ¶ 19.) In addition, Petitioner was subject to random phone-app photo check-ins within a one-hour window. (*Id.* ¶ 1.)

Pending a hearing on her asylum claim, Petitioner was given work authorization and a Social Security number. (Pet. ¶ 18.) She has been employed as a cleaner at Amazon and has paid her taxes. (*Id.* ¶¶ 1, 18.) She is also helping to raise two of her U.S. citizen grandchildren. (*Id.* ¶ 1.) She has no criminal record. (*Id.* ¶ 17.)

For the past three years, Petitioner has met all the requirements of her intensive supervision. (Pet. ¶ 1.) In July 2026, Petitioner's daughter had emergency gallbladder surgery. (*Id.* ¶ 2.) Her daughter was discharged from the hospital on July 19, 2026, and directed not to drive for two weeks. (*Id.* ¶ 20.) Petitioner missed her check-in on July 20,

2026. (*Id.* ¶ 2.) She explained the missed appointment to ICE over the telephone, and ICE told her to appear for a check-in at the ICE offices on July 25. (*Id.*) When she did so, she was detained without bail or a bond hearing. (*Id.*)

Petitioner was given no written notice of the reasons for revoking her parole, was given no opportunity for a hearing, and was given no indication as to what circumstances had changed. (Pet. ¶ 2.) When she asked why she was being detained, she was told "things were different now under President Trump." (*Id.* ¶ 20.)

## III. ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard, and without noticeably changed circumstances, violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because ICE released Petitioner upon finding she was not a flight risk or a danger to the community in July 2023, and because there is no evidence those circumstances have

changed, Petitioner is entitled to remain released on the same conditions as she was initially released. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

> The Court **ORDERS** that Concha Martha Beiro Valdez (A#246-816-874) be released on the same terms and conditions on which she was previously released in July 2023. She may not be re-detained without notice and a pre-deprivation hearing. Additionally, ICE is ordered to return all property confiscated at the time of her detention.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: September 11, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**